IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

vs.                                                        No. CV 21-00771 MV/SCY

UNITED STATES HOUSE OF REPRESENTATIVES
(ALL MEMBERS),
UNITED STATES SENATE (ALL MEMBERS),
UNITED STATES GOVERNORS (ALL 50 STATES)

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Rule 41(b) of the Federal Rules of Civil Procedure on the handwritten Civil Complaint (Doc. 1) and Amended Prisoner's Civil Rights Complaint (Doc. 4) filed by Plaintiff Donald Sharp. The Court will dismiss the Complaint and Amended Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute this proceeding.

Plaintiff filed his Complaint on August 17, 2021. Doc. 1. Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time that he filed the Complaint. The Court entered an Order to Cure Deficiencies on August 18, 2021, directing Plaintiff to cure deficiencies in his filing and to either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order. Doc. 3. The Court also provided Plaintiff with a form Application to Proceed in District Court Without Prepayment of Fees or Costs *Id.* The Order advised Plaintiff that, if he failed to cure the deficiency within the 30-day time-period, the Court could dismiss this proceeding without further notice. *Id.* at 2.

Plaintiff did not comply with the Court's August 18, 2021, Order. He did file a form Application to Proceed in District Court Without Prepayment of Fees or Costs. Doc. 5. However, the Application to Proceed was incomplete and did not include the required six-month inmate account statement. *Id.*

This is one of many cases filed by Plaintiff advancing a theory that local, state, and federal governmental officials and agencies are engaged in a racketeering and fraud scheme. Doc. 1. Plaintiff contends that all members of the U.S. Senate, all members of the U.S. House of Representatives, and the Governors of all 50 states are operating a Racketeering Influenced Corrupt Organization, have advocated for the overthrow of the government, and have committed major fraud and treason. Doc. 1 at 1; Doc. 4 at 1-2. He contends that most of the Defendants are members of a British Accreditation Registry, are loyal to Britain, and are not United States Citizens. Doc. 4 at 2. Plaintiff further claims that COVID-19 does not exist, and that the COVID-19 vaccine is a bioweapon. *Id.* at 2-4. In this case, Plaintiff seeks $ 20 million in damages from each Defendant, and the immediate arrest, prosecution, and execution of Defendants. *Id.* at 5. The Court notes that Plaintiff has filed many civil cases with the Court under the names Tommy Sharp, Donald Sharp, Donald Thomas Sharp, and Donald Tommy Sharp.[1] He is presently under filing

---

[1] See, including but not limited to, *Sharp v. Federal Bureau of Investigation,* CV 21-00770 KWR/SCY, *Sharp v. U.S. House of Representatives,* CV 21-00771 MV/SCY; *Sharp v. Lea County Sheriff,* CV 21-00772 MV/LF; *Sharp v. Gonzales,* CV 21-00769 MV/LF; *Sharp v. United States,* CV 21-00698 JB/GBW; *Sharp v. Core Civic,* CV 21-00699 KG/GJF; *Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV; *Sharp v. Raysanek*, CV 21-00703 JB/JFR; *Sharp v. Department of Justice*, CV 21-704 MV/JFR; *Sharp v. U.S. Supreme Court*, CV 21-00705 JCH/KBM; *Sharp v. New Mexico Board of Finance,* CV 21-00711 JB//GBW; *Sharp v. City of Edgewood Chief of Police,* CV 21-00712 JB/JHR; *Sharp v. Mace, Cibola County Sheriff,* CV 21-00714 MV/SMV; *Sharp v. Biden*, CV 21-00719 KWR/CG, *Sharp v. El*, CV 21-00720 KWR/GBW; *Sharp v. U.S. Marshall Service*, CV 21-00721 RB/GJF; *Sharp v. U.S. Federal Public Defenders Office,* CV 21-00819 JB/CG; *Sharp,, et al., v. Core Civic,* CV 21-00820 WJ/JFR.

restrictions imposed by the Court due to his lengthy and abusive litigation history. *See Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV.

More than four months have elapsed since entry of the Court's Order to Cure Deficiency. Plaintiff has not paid the $400 filing fee or submitted a complete application, in proper form, to proceed under § 1915. Instead, Plaintiff has refused to pay the filing fee in any of his civil cases, incorrectly claiming that he is entitled to have all court fees discharged. Doc. 8. As Plaintiff has been advised, regardless of whether his Civil Complaint is treated as a RICO Act claim or a civil rights case, it is a civil action and, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has failed to either pay the $400.00 filing fee or to submit an application, in proper form, to proceed under § 1915.

Plaintiff's construction of § 1915 is contrary to federal law. Section 1915 is designed "to reduce … prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quotations omitted). Congress determined that prisoners must "bear some marginal cost for each legal activity." *Id.* Accordingly, § "1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action,'" and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued." *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (emphasis added).

Plaintiff argues he is relieved of his obligation to pay the fees and costs for this proceeding based on a 1933 law rendering gold clauses in contracts unenforceable and authorizing payment of debts in any form of legal United States tender. *See Adams v. Burlington Northern Railroad*, 80 F.3d 1377 (9th Cir. 1996). Plaintiff's obligation to pay the fees and costs in this proceeding is

imposed by statute, not by contract.  28 U.S.C. §§ 1914, 1915.  Nor does the statute contain any gold clause.  Neither the 1933 law nor the UCC authorizes discharge of the statutory requirement to pay the fees and costs, nor do they, in any way, relieve Plaintiff of his obligation to pay the entire $350.00 filing fee for every civil action that he files in this Court.  Plaintiff's Motion to Discharge All Fees and Costs, Doc. 8, thus is denied.  Further, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914, 1915, failure to comply with the Court's Order of August 18, 2021 (Doc. 3), failure to comply with federal statutes, and failure to prosecute this proceeding.  *Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.").

Also pending before the Court are Plaintiff's Motion to Enter Evidence (Doc. 6), Motion for Summary Judgment (Doc. 11), and form Order for Summary Judgment, which the Court construes as a motion for summary judgment (Doc. 12).  The Court notes that Plaintiff's summary judgment filings do not comply with the requirements of Rule 56 of the Federal Rules of Civil Procedure.  However, the Court finds that the pending motions are moot in light of the dismissal of this case, and thus need not address the deficiencies thereof.

**IT IS ORDERED that:**

**(1)** the Motion to Enter Evidence (Doc. 6), Motion for Summary Judgment (Doc. 11), and form Order for Summary Judgment (Doc. 12), which the Court construes as a motion for summary judgment, submitted by Plaintiff Donald Sharp are **FOUND AS MOOT**;

**(2)** the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 5) submitted by Plaintiff is **DENIED** for failure to comply with 28 U.S.C. § 1915;

**(3)** Plaintiff's Motion to Discharge All Fees and Costs (Doc. 8) is **DENIED**; and

**(4)** the Civil Complaint (Doc. 1) and the Amended Prisoner's Civil Rights Complaint (Doc. 4) filed by Plaintiff Donald Thomas (Tommy) Sharp are **DISMISSED** without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, failure to comply with 28 U.S.C. §§ 1914 and 1915, and failure to comply with the Court's August 18, 2021, Order.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE